UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK HENRY** | **:** | **DOCKET NO. 2:06-cv-1513** |
| **VS.** | **:** | **JUDGE MINALDI** |
| **THE LAKE CHARLES AMERICAN PRESS, ET AL.** | **:** | **MAGISTRATE JUDGE WILSON** |

### MEMORANDUM RULING

Currently before the court is a "Motion for Protective Order and to Stay Discovery Pursuant to F.R.C.P. 26 and Louisiana Code of Civil Procedure art. 971" [doc. 26] filed on behalf of the defendants, The Lake Charles American Press, LLC; The Lake Charles American Press, Inc.; Shearman Company, LLC; Shearman Corporation; and reporter Hector San Miguel. By this motion, the defendants seek to have the court issue a protective order and stay discovery pending an initial determination pursuant to Article 971 of Henry's probability of success on the merits. In response to this motion, Henry filed a "Motion to Compel Production of Information and Incorporated Memorandum and Response to Defendants' Motion for Protective Order and to Stay Discovery." [doc. 29]. All parties have sought and been granted extensions of time to file additional pleadings with respect to these motions. All delays have now run.

### FACTUAL SUMMARY

This is a defamation case in which the plaintiff, Mark Henry, alleges that he suffered damages as a result of several articles published in a Lake Charles newspaper. The articles were concerned with whether non-compliant jet fuel was sold by plaintiff's business to the government

for military aircraft. Henry is a resident of League City, Galveston County, Texas, and he originally filed this lawsuit in the Texas state court in Galveston County, Texas. The defendants removed this matter to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1441.

Once the matter was removed, the defendants filed a document entitled "Answer, Rule 12 Defenses, and Motion to Transfer Under 28 U.S.C. § 1404."[doc. 6]. In this pleading, the defendants claimed that the Texas federal court lacked *in personam* jurisdiction over the defendants; that the venue was improper because the newspaper articles were published in a Lake Charles newspaper, concerned events which took place in Lake Charles, Louisiana, involved witnesses from Louisiana, and were written by a Louisiana reporter. The defendants also claimed that Louisiana law applies and that the plaintiff has failed to state a claim upon which relief can be granted under Louisiana law. Further, the defendants claimed that plaintiff's pleadings fail to demonstrate a probability of success on the merits and are therefore subject to a Special Motion to Strike under article 971 of the La. Code of Civil Procedure. After considering the motion and opposition filed by the plaintiff, the Texas federal court transferred this civil action to this court. [doc. 11].

In the defendants' motion currently before the court, the defendants contend that Louisiana law provides the rule of decision on substantive matters presented in the litigation. The defendants argue that Louisiana law affords a broad shield to news media from disclosure of its sources and news-gathering techniques and that discovery should be stayed and a protective order issued until the court can determine whether the plaintiff has established a probability of success on the his claim. *See* La.C.C.P. art. 971.

The plaintiff counters, claiming that Texas substantive law, not Louisiana law, applies to this

civil action. Specifically, the plaintiff argues that when a diversity case is transferred pursuant to 28 U.S.C. § 1404, the law of the transferor state controls the action, regardless of which party initiated the transfer. *See Ferens v. John Deere Co.*, 494 U.S. 516 (1990); *Van Dusen v. Barrack*, 376 U.S. 612 (1964). Alternatively, he claims that he has demonstrated a probability of success on his claim by making out a *prima facie* case of defamation under Louisiana law.

## LAW AND ANALYSIS

For purposes of the motions currently before the court, it is necessary to determine whether Texas or Louisiana substantive law applies to the issues raised in this case. "In determining which state's substantive law controls, the court applies the choice-of-law rules of the forum state." *In re Katrina Canal Breaches Litigation,* 2007 WL 2200004, *11 (5th Cir. 2007), citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The plaintiff argues that Texas is the forum state since this case was originally filed there and transferred to Louisiana pursuant to 28 U.S.C. § 1404, for the convenience of the parties.[1] Accepting this argument for purposes of this evaluation, the court will apply the choice of law provisions of Texas to determine whether Texas or Louisiana substantive applies.

"Texas courts use the 'most significant relationship' test set forth in the Restatement (Second) of Conflict of Laws (1971) for all choice of law cases except contract cases in which the parties have agreed to a valid choice of law clause." *Mayo v. Hartford Life Ins. Co.,* 354 F.3d 400, 403 (5th Cir. 2004), citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 420-21 (Tex.1984); *see*

---

[1] While it is true that the transferor court transferred this case under the form *non conveniens* provision, the transferor court also noted that jurisdictional challenges had been made by the defendants but that it was not considering such challenges at that time. [doc. 11, p.4]. Based on the analysis of the transferor court, the defendants argue that the transfer although styled as § 1404 transfer was actually a § 1406 transfer which would require the application of Louisiana choice of law provisions. [doc. 35, p.3].

*also Brackens v. Texas Roadhouse in Wichita*, 216 Fed.Appx. 408, 410 n.2 (5th Cir. 2007); *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 n.4 (5th Cir. 2002).  Section 145 of the Restatement (Second) of Conflict of Laws (1971) governs the court's choice of law analysis for cases sounding in tort and directs the court to consider the following contacts:  (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile of the parties, and (4) the place where the relationship between the parties was centered.  These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Applying these factors, the undersigned finds that plaintiff was allegedly injured as a result of articles published in a Lake Charles newspaper which concerned plaintiff's business which was operating at Chennault Airport in Lake Charles, Louisiana.  The plaintiff is a resident of League City, Texas, however, he continues to have ties with Lake Charles, Louisiana.[2]  The defendants are Louisiana corporations, Louisiana limited liability companies, and a Louisiana domiciliary.  Further, the place where the relationship of the parties was centered is Lake Charles, Louisiana.  Accordingly the court finds that Louisiana has the most significant relationship with the parties and issues in this litigation.  *See also* doc. 11, pp.3-4.  Therefore, Louisiana substantive law will be applied.

Under Louisiana law, the defendants are entitled to a stay of discovery until such time as the court may review the pleadings and supporting and opposing affidavits to determine whether the plaintiff has established a probability of success on the claim. *See* La.C.C.P. art. 971.

For these reasons,

IT IS ORDERED that the "Motion for Protective Order and to Stay Discovery Pursuant to

---

[2]Plaintiff states in his motion that he currently owns and operates a brewery and bar in Lake Charles. [doc. 29, p.10].  Thus, it does not appear that Lake Charles is an inconvenient forum for the plaintiff.

F.R.C.P. 26 and Louisiana Code of Civil Procedure art. 971" be GRANTED and that this stay remain in effect as contemplated by article 971, until notice of entry of the order ruling on the motion to strike.

IT IS FURTHER ORDERED that the defendants have until September 20, 2007 to file a motion pursuant to Article 971 of the Louisiana Code of Civil Procedure and any supporting affidavits which it wishes to have the court consider. The plaintiff shall have fifteen (15) days following the filing of the motion by the defendants to file any memorandum in opposition to said motion, along with opposing affidavits.

IT IS FURTHER ORDERED that the "Motion to Compel Production of Information" [doc. 29] be DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 20, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE