U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV - 7 2007

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARK HENRY | : | DOCKET NO. 2:06 CV 1513 |
| VS. | : | JUDGE MINALDI |
| THE LAKE CHARLES AMERICAN PRESS, L.L.C., THE LAKE CHARLES AMERICAN PRESS, INC., SHEARMAN COMPANY, L.L.C., SHEARMAN CORPORATION, and HECTOR SAN MIGUEL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Special Motion to Strike pursuant to Louisiana Civil Code of Civil Procedure Article 971 [doc. 43], filed on behalf of the defendants. The plaintiff, Mark Henry ("Henry"), filed a Memorandum in Opposition to Defendants' Motion to Strike [doc. 47].

## BACKGROUND

Henry was the owner of Chennault Jet Center ("CJC"), located at the Chennault Airport in Lake Charles, from 1995-2000.[1] Henry obtained a contract with the Defense Logistics Agency ("DLA") to supply fuel to Government aircraft.[2] In early 2005, the DLA accused the CJC of failing to comply with the contractual provision that it would not use "defueled" products on Government aircraft unless it came from another Government aircraft.[3] The Government subsequently launched

---

[1] Pl.'s Mot. in Opp. of Def.'s Mot. to Strike 1.

[2] *Id.*

[3] *Id.*

1

an investigation, reviewing the CJC's records and employees in the process.[4] The DLA terminated the CJC's contract in April 2005.[5] To the best of the CJC's knowledge, the investigation commenced after a Government review of CJC records.[6]

The Lake Charles *American Press* published several newspaper articles pertaining to the federal investigation.[7] The articles listed Henry by name as the owner of the CJC.[8] The articles also stated that the investigations began when four flame-outs occurred after the planes received contaminated fuel.[9] One article quoted an unnamed source who said, "They are just lucky that no one has ever gotten killed."[10] Another article stated that "a plane is said to have nearly crashed before the pilot was able to get the plane's engines restarted."[11] The articles in the *American Press* did not attribute the information on the flame-outs to any named source or governmental body.[12]

Henry filed this defamation suit against the defendants in Texas state court. The defendants removed the suit to the United District Court for the Southern District of Texas, and the case was

---

[4] *Id.*

[5] *Id.*

[6] *Id.* at 3

[7] Pl.'s Ex. A.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *See id.*

2

later removed to this court.[13] An August 20, 2007 ruling by this court determined that Louisiana substantive law governs.[14]

## ANALYSIS

Pursuant to the Louisiana Code of Civil Procedure Article 971, a defamation suit shall be striken unless the plaintiff can establish a probability of success in his claim. The Louisiana Code of Civil Procedure Article 971 provides that:

> (A)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
>
> (2) In making its determination, the court shall consider the pleadings and supporting or opposing affidavits stating the facts upon which the liability or defense is based.

Article 971 also permits the prevailing party on a special motion to strike to recover reasonable attorney fees and costs. *Id.*

Under Article 971, the moving party must first demonstrate that "the cause of action arises from an act in the exercise of his right of free speech regarding a public issue." *Johnson v. KTBS, Inc.*, 39-022 (La. App. 2 Cir. 11/23/04); 889 So.2d 329, 332 (finding that a television station's reporting on murder victims being both brother and sister and a married couple was a matter of public interest). This court similarly finds that the defendants reported on a matter of public interest when they printed articles pertaining to the federal investigation of the CJC, the CJC's subsequent loss of government contracts, and the "flame-outs" that allegedly occurred after the government

---

[13] Notice of Removal [doc. 1].

[14] Mem. Ruling (Aug. 20, 2007) [doc. 40].

aircraft received contaminated fuel from the CJC. Thus, the defendants, as the moving party, have initially satisfied their burden to demonstrate that Henry's cause of action originates from the defendants' exercise of free speech pertaining to a public issue.

Once the moving party has satisfied the initial burden of proof, the burden shifts to the plaintiff to demonstrate that he has a "probability of success on his claim." *Id.* The elements of defamation are: "1.) defamatory words, 2.) unprivileged publication, 3.) falsity, 4.) malice (actual or implied), and 5.) injury." *Id.*

First, Henry must demonstrate that the defendants' statements are defamatory. A statement is defamatory if it is "objectively capable of having a defamatory meaning, considering the statement in its entirety, the context of the statement, and the effect it is reasonably intended to produce in the average reader." *Id.* Defamatory words also must be "of or concerning the plaintiff or, directly or indirectly, cast a personal reflection on the plaintiff." *Gugliuzza v. K.C.M.C., Inc.*, 606 So.2d 790, 791 (La. 1992). Defamatory statements interfere with a person's right to a good reputation. *Id.*

Henry claims that the defendants defamed him when they published statements that four military aircraft flamed out after the CJC, owned by Henry, supplied them with contaminated fuel, which endangered the aircraft, the pilot, and the lives of civilians. Henry has demonstrated that the defendants' allegations were "of and concerning" him, as the named owner of the CJC. Henry has also demonstrated that the defendants' statements are objectively capable of having a defamatory meaning because they imply that Henry supplied contaminated fuel that caused flame-outs, which endangered the military, pilots, and civilians.

Second, Henry must demonstrate that there was an unprivileged publication. Henry attached several articles containing information on the investigation and the flame-outs that ran in the Lake

Charles *American Press* as exhibits to his Memorandum in Opposition. Thus, Henry satisfied his burden of showing that there was an unprivileged publication of the statements.

Third and fourth, Henry must demonstrate that the defamatory statements were false and that the defendants acted with actual malice. *Johnson*, 889 So.2d at 332. Actual malice requires that the defendant either knew the statement was false or acted with reckless disregard for the truth of the statement. *Id.* Or, the publisher acted without malice if the material was printed with a "reasonable basis for believing that the statements were true." *Trentecosta v. Beck*, 703 So.2d 552 (La. 1997).

In *Johnson*, the court found that because the defendant television station submitted affidavits stating the source of the allegedly defamatory material, it did not act with reckless disregard of the truth. 889 So.2d at 333-34. Moreover, the court in *Estiverne v. Times-Picayune* found that the newspaper's evidence demonstrated that all of the information in the articles was extracted from public records, and the plaintiff Estiverne did not present contrary evidence. 2006-0571 (La. App. 4 Cir. 12/20/06); 950 So.2d 858, 860. Accordingly, the *Estiverne* court granted the Times-Picayune's Motion to Strike. *Id.*

Here, Henry submitted an affidavit that supports both the assertion that the flame-outs did not occur, and that the defendants acted with malice in publishing stories about the flame-outs. J.K. Smith, a retired Lieutenant Colonel in the United States Air Force, stated in his affidavit that the Air Force would have immediately conducted an investigation and notified the CJC if even one flame-out had occurred.[15] Also, Smith stated that he called Colonel Miarecki, the Chief of Safety for 19th Air Force in San Antonio, Texas, who informed Smith that there had been no reported flame-outs

---

[15] Pl.'s Ex. 2.

of any aircraft as a result of fuel servicing at the CJC.[16] By contrast, the defendants did not submit any affidavits describing the source that informed them of the flame-outs. Moreover, the flame-out stories themselves do not specify any individual or governmental agency source, but are simply attributed to "a source." Given Henry's affidavit and the defendants' failure to demonstrate that they had a reasonable basis for believing the flame-outs to be true, Henry has demonstrated that he has a probability of success in demonstrating the defendants acted with actual malice in printing information on the flame-outs and that the stories were false.

Lastly, Henry must demonstrate that he suffered injury as a result of the defendants' defamation. In *Wright v. Bennett*, Wright failed to demonstrate that he suffered damages as a result of the defamation. 2004-1944 (La. App. 1 Cir. 9/28/05); 924 So.2d 178. In rejecting Wright's allegation of damages, the court noted that Wright merely stating that "it didn't feel good" to be accused of theft at his unemployment hearing by his employer is insufficient to prove damages, especially given that Wright did receive unemployment benefits. *Id.*

Henry alleges that, as a result of the flame-out stories, he has suffered ridicule, scorn, and contempt. Henry argues that because he is a former Air Force officer, and currently serves in the United States Air Force Reserves as a Major, the notion that he supplied contaminated fuel to the military has serious implications to his reputation in the military, business, and civilian communities. This goes beyond alleging that a statement was unpleasant. Accordingly, Henry has demonstrated that he has a probability of proving damages.

---

[16] *Id.*

6

## CONCLUSION

This court finds that Henry has established a probability of success on his defamation claim with respect to the flame-out stories published by defendants. Accordingly, the defendants' Motion to Strike and Request for Attorneys Fees and Costs is hereby denied.

Lake Charles, Louisiana, this ___7___ day of ___Nov___, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE