U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

FEB 1 2 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK HENRY** | : | **DOCKET NO. 2:06 CV 1513** |
| **VS.** | : | **JUDGE MINALDI** |
| **THE LAKE CHARLES AMERICAN PRESS, L.L.C., THE LAKE CHARLES AMERICAN PRESS, INC., SHEARMAN COMPANY, L.L.C., SHEARMAN CORPORATION, and HECTOR SAN MIGUEL** | : | **MAGISTRATE JUDGE WILSON** |

### MEMORANDUM RULING

Before the court is a Motion for Reconsideration and Alternative Motion to Certify Interlocutory Order Pursuant to 28 U.S.C. § 1292(B) [doc. 50], filed on behalf of the defendants. The plaintiff, Mark Henry ("Henry"), filed a Memorandum in Opposition to Defendants' Motion to Strike [doc. 52]. The defendants filed a Reply [doc. 55]. This court has reconsidered its November 7, 2007 Memorandum Ruling. The court's reasoning has changed, but its holding has not.

### BACKGROUND

The facts underlying the lawsuit are set forth in this court's Memorandum Ruling of November 7, 2007, which denied the defendants' Motion to Strike pursuant to Louisiana Code of Civil Procedure Article 971.[1] In the Memorandum Ruling, this court denied the defendants' Motion to Strike, finding that Henry had established a probability of success on his defamation

---

[1] Mem. Ruling (Nov. 7, 2007) [doc. 48].

1

claim.[2]

## MOTION FOR RECONSIDERATION

The defendants filed this Motion to Reconsider, arguing that this court erroneously relied upon Louisiana start court jurisprudence without considering the public figure libel cases decided by the United States Supreme Court.[3] The defendants base their motion on two points: 1.) the defendants' actions do not satisfy the public figure "actual malice" standard, and 2.) the court erroneously relied on hearsay affidavits.

After the defendants filed their Motion to Reconsider, this court conducted intensive legal research on First Amendment jurisprudence and Louisiana defamation law on the distinction between public and private individuals and the corresponding standards in defamation cases. In *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), the Supreme Court held that a public official[4] must prove a statement was made with "actual malice" to recover for defamation under the First Amendment. In *Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967), the Supreme Court extended the actual malice standard to "public figures." A public figure is a "non-public official who is intimately involved in the resolution of important public questions or who, by reason of his or her fame, shapes events in areas of concern to society at large." *Kennedy v. Sheriff of East Baton Rouge*, 935 So.2d 669, 676 n.4 (La. 2006).

In *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), the Supreme Court clarified that

---

[2] *Id.*

[3] Def.'s Mot. for Reconsideration [doc. 50], at 2.

[4] A public official is someone who holds public office. *New York Times Co.*, 376 U.S. at 267.

when a private individual sues for defamation on an issue of public concern,[5] the plaintiff need not prove "actual malice" under *New York Times* to recover. *Id.* at 344-47. Rather, the Court delegated to the states the ability to choose their own standards for private figure defamation, so long as the states do not impose "liability without fault." *Id.* at 346-47.

Thus, under the Supreme Court's First Amendment jurisprudence, Henry is clearly not a public official since he holds no public office. Henry is also not a public figure because he is not involved with the resolution of important public questions nor has he thrust himself into the public limelight by owning a local airport. Accordingly, Henry is a private individual and the allegedly defamatory comments pertained to a matter of public interest. Under *Gertz*, the states choose their own standards for private figure defamation, and thus this court must turn to Louisiana law to determine the applicable standard.[6]

In 2006, the Louisiana Supreme Court issued a decision that clarified Louisiana's standard of liability when a private individual is allegedly injured by a defamatory comment on a

---

[5] Speech on matters of public concern is speech "relating to any matter of political, social, or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146 (1983).

[6] In their Motion to Strike, the defendants did not argue that Henry is a public figure, but erroneously articulated that under Louisiana law "when the allegedly defamatory statement is a communication regarding a matter of public interest, the actual malice standard applies..." Def. Mot. to Strike [doc. 43], at 4. Further, the defendants stated "[a]n article which concerns public issues, even though the plaintiff maybe [sic] considered a private person, should be evaluated under the actual malice standard." *Id.* In his Memorandum in Opposition, Henry did nothing to counter the defendants' articulation of Louisiana defamation law. Pl.'s Mem. in Opposition [doc. 45]. Henry did not dispute the defendants' characterization of "actual malice" as the appropriate standard, even though that standard is much more stringent than the negligence standard that applies in Louisiana to private individuals suing for defamation.

3

matter of public concern.[7] *Kennedy v. Sheriff of East Baton Rouge*, 935 So.2d 669 (La. 2006) (noting that its decision in *Trentecosta v. Beck*, 96-2388; 703 So.2d 552, 561 (La. 1997) left this issue unresolved). The *Kennedy* court joined the majority of states and adopted negligence as articulated in the Restatement (Second) of Torts § 580(B) as the proper standard of liability when the plaintiff is a "private individual allegedly injured by a defamatory falsehood in a matter of public concern." *Id.* at 681. Even though the defendant in *Kennedy* was a non-media defendant, the court adopted negligence as the standard for both media and non-media defendants when a private individual sues for defamation. *Id.* at 678-79. The Restatement (Second) of Torts § 580(B) provides that:

> One who publishes a false and defamatory communication concerning a private person, or concerning a public official or public figure in relation to a purely private matter not affecting his conduct, fitness, or role in his public capacity, is subject to liability, if, but only if, he
> (A) knows that the statement is false and that it defames the other,
> (B) acts in reckless disregard of these matters, or
> (C) acts negligently in failing to ascertain them.

Thus, this court holds that Henry need not prove actual malice[8] to recover for defamation.

---

[7] Neither party cited this determinative case in the briefing for the Motion to Strike. The parties similarly failed to brief on what type of figure Henry is and articulate the proper legal standard of liability under Louisiana law. Moreover, neither party cites this case or mentions the appropriate legal standard under Louisiana law in the briefing for this Motion to Reconsider. Henry did raise the issue of what standard applies to a private citizen in an defamation case, but cited *Trenecosta v. Beck*, 703 So.2d 552, 560 (La. 1997), as stating that this court has not yet determined the applicable standard. In 1997, this was an accurate statement of the law; however, the 2006 Louisiana Supreme Court case clearly adopted the standard of negligence for defamation actions by private individuals. *See Kennedy*, 935 So.2d at 681. The defendants do cite other Louisiana cases from 2006, so it is unclear whether their research failed to uncover the crucial Louisiana Supreme Court decision or whether they failed to cite it because it undermines their position.

[8] Although Henry need not prove actual malice under the *New York Times* standard, there is at least a strong argument that he could. This observation comes not from Henry's brief, but

Rather, Henry need only prove that the defendants were negligent pursuant to the Restatement (Second) of Torts § 580(B) standard. Thus, since upon Reconsideration of this court's November 7, 2007 Memorandum Ruling, Henry's burden has lessened, this court finds that

---

the court's own research. In *Harte-Hanks Communications, Inc. v. Connaughton*, the Court found the newspaper acted with actual malice when it published a story on a candidate for judicial office without interviewing a key witness when the paper knew the person was a key witness and without listening to tapes of an interview that could have confirmed the probable falsity of Thompson's charges. 491 U.S. 657, 689 (1989). The Court articulated the standard for reckless disregard for the truth–the minimum requirement for a showing of actual malice–as demanding the defendant making the false publication with a high degree of awareness of probable falseness. *Id.* at 667. Noting that "[a]lthough failure to investigate will not alone support a finding of actual malice, the purposeful avoidance of the truth is in a different category." *Id.* at 692. The Court concluded that the newspaper purposely avoided acquiring facts that could have confirmed the falsity of the story, which satisfied the actual malice standard. *Id.*

According to Henry's affidavit, after the first time the flame-out story was printed, Henry knew that the Air Force would have conducted an investigation of just one flame-out, and contacted a retired Air Force Lt. Col. who confirmed this policy. Through his attorney, Henry gave this information to the reporter, Hector San Miguel in hopes that San Miguel would investigate the new information. Instead, the same information was repeated in subsequent articles. Equipped with information that could have confirmed the falsity of the story, the *Lake Charles American Press* apparently choose not to further investigate and reprinted the same information. As in *Harte-Hanks*, this is not a failure to investigate, but rather the purposeful avoidance of the truth, which satisfies the actual malice standard.

In their Reply Memorandum, the defendants state that "minor inaccuracies do not amount to falsity so long as the substance of the story is true," and cite *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496 (1991) in support of this proposition. Because this case addressed defamation under the *New York Times* public figure standard where actual malice is the appropriate standard, it is not illustrative of the negligence standard that applies to private figures.

Moreover, this court did not hold that the use of an anonymous source is "per se evidence of malice," as the defendants argue. In other Louisiana cases, when the defendants filed motions to strike, they submitted affidavits stating the source of the allegedly defamatory stories or that they had obtained the information through public records to demonstrate they did not act with a reckless disregard of the truth. *See e.g., Estiverne v. Times-Picayune*, 2006-0571 (La. App. 4 Cir. 12/20/06); 950 So.2d 858, 860, *Johnson v. KTBS, Inc.*, 39-022 (La. App. 2 Cir. 11/23/04); 889 So.2d 329, 333-34. Here, the defendants failed to counter Henry's allegations and affidavits that suggest that the paper purposefully avoided acquiring facts that could demonstrate the falsity of the story through their own affidavits.

5

Henry has even more of a likelihood of success of proving defamation.

The defendants argue that the newspaper articles never linked the flame-out stories to contaminated fuel at CJC, however, the newspaper articles clearly do present a link. In the May 10, 2005 article, the *American Press* discussed a probe of contaminated fuel at the CJC and then stated that "[t]he probe began after there were reported engine flame-out [sic] on some jet trainers shortly after the planes left the Chennault Jet Center."[9] On May 12, 2005, the paper again published that the contaminated fuel problem came to light "after some military aircraft had engine flameouts...which occurred after the planes left the Jet Center."[10]

As for the defendants' argument that this court erroneously relied on a hearsay statement, and this reliance warrants the reversal of the Memorandum Opinion, this court disagrees. Relying upon Henry's affidavit, which is based on personal knowledge, the fact that Henry's attorney contacted San Miguel with the information that the story was false and information on Air Force sources who could confirm the story's falsity. San Miguel purposefully avoided acquiring facts that could demonstrate the falsity of the story, which was subsequently reprinted.[11] This is sufficient to establish Henry has a probability of success on proving his claim. Furthermore, J.K. Smith's affidavit stated that based on his own experiences with the Air Force, had a flame-out occurred, the Air Force would have conducted an investigation and notified Chennault Airport.[12]

---

[9] Pl.'s Ex. 1.

[10] *Id.*

[11] *Id.*

[12] Pl.'s Ex. 2 (J.K. Switzer Aff.)

6

## ALTERNATIVE MOTION TO CERTIFY INTERLOCUTORY ORDER PURSUANT TO 28 U.S.C. § 1292(B)

The defendants alternatively request certification for an interlocutory appeal under 28 U.S.C. § 1292(B). As to this request, the defendants simply state that "the standard for including this Ruling in the class of interlocutory orders subject to the immediate appeal provisions of 28 U.S.C. § 1292(B) is clearly met."[13] Henry objects to this request, noting that the appellate court's jurisdiction is limited to "controlling questions of law," which are not in dispute in this case. *See, e.g.*, 28 U.S.C. § 1292(B); *Louisiana Patient's Compensation Fund Oversight Board v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005). Rather, Henry argues, it is the application of facts to the principles of law that are in dispute. Since this court's November 7, 2007 Memorandum Ruling and this Memorandum Ruling on Defendants' Motion to Reconsider rest on well-settled principles of law, this court finds that the Motion to Certify is hereby denied.

## CONCLUSION

This court granted the defendants' Motion to Reconsider. After reconsidering its November 7, 2007 Memorandum Ruling, this court's reasoning has changed, although its holding remains the same. The court still holds that Henry has established a probability of success on his defamation claim with respect to the flame-out stories published by defendants. This court also finds that the defendants' Motion to Certify is hereby denied.

Lake Charles, Louisiana, this ___11___ day of ___Feb___, 2008

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[13] Def.'s Mot for Reconsideration, at 4.