RECEIVED
IN LAKE CHARLES, LA.

JUL 29 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARK HENRY | : | DOCKET NO. 2:06 CV 1513 |
| VS. | : | JUDGE MINALDI |
| THE LAKE CHARLES AMERICAN PRESS, L.L.C., THE LAKE CHARLES AMERICAN PRESS, INC., SHEARMAN COMPANY, L.L.C., SHEARMAN CORPORATION, and HECTOR SAN MIGUEL | : | MAGISTRATE JUDGE KAY |

## ORDER

Pursuant to the June 9, 2009 Judgment from the Fifth Circuit Court of Appeals dismissing Henry's defamation complaint and remanding to this Court for a determination of fees and costs pursuant to La. Civ. Code art. 971(B), [doc. 73], this Court issued an Order giving the defendants fifteen (15) days in which to present evidence of its attorney's fees, and Henry ten (10) days in which to traverse the defendants' evidence of fees. Both parties have filed their briefs; [docs. 76 & 77]; however, this Court cannot make an award of attorney's fees based upon the evidence presented.

The Louisiana Fourth Circuit Court of Appeal has stated that, under Article 971(B), a prevailing party may only recover the attorney's fees "associated with the motion to strike." *Delta Chem. Corp. v. Lynch et al.*, 2007-0431 (La. App. 4 Cir. 2/27/08); 979 So.2d 579, 588. In *Delta Chemical*, the Fourth Circuit reversed and remanded an award of attorney's fees because the award provided for attorney's fees for all aspects of the case. *Id.* Moreover, the Fourth Circuit found that "the evidence submitted...supporting the attorney's fees and costs is completely inadequate" because

the court could not determine how much time was spent on the Article 971 motion or any other aspect of the case. *Id.* at 588-89 (remanding for a new calculation of attorney's fees based on the "submission of detailed time records that describe with precision what was done and by whom"). *Id.* at 589.

The defendants' motion requests $53,537.07 in attorney's fees "for the defense of this matter," which includes preparing a motion to strike. This Court can only award the attorney's fees associated with preparing the motion to strike. Moreover, the defendants did not include time records that describe what was done and by whom; accordingly,

IT IS ORDERED that the defendants shall have fifteen (15) days from the signing of this Order in which to present evidence of its attorney's fees, and Henry shall then have ten (10) days in which to traverse the defendants' evidence of fees.

Lake Charles, Louisiana, this ___ day of _____, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE