RECEIVED
IN LAKE CHARLES, LA
NOV 1 2 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK HENRY** | : | **DOCKET NO. 2:06 CV 1513** |
| **VS.** | : | **JUDGE MINALDI** |
| **THE LAKE CHARLES AMERICAN PRESS, L.L.C., THE LAKE CHARLES AMERICAN PRESS, INC., SHEARMAN COMPANY, L.L.C., SHEARMAN CORPORATION, and HECTOR SAN MIGUEL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a Supplemental Memorandum in Support of Award of Attorney's Fees, [doc. 82], filed by the defendants The Lake Charles American Press, L.L.C., The Lake Charles American Press, Inc., Shearman Company, L.L.C., Shearman Corporation, and Hector San Miguel ("Defendants"). The plaintiff, Mark Henry ("Henry"), filed a Response and a Supplemental Response [docs. 85, 91].

### PROCEDURAL HISTORY

On June 9, 2009, the Fifth Circuit Court of Appeals dismissed Henry's defamation complaint and remanded the matter to this Court for a determination of fees and costs pursuant to Louisiana Code of Civil Procedure Article 971(B) [doc. 73]. This Court subsequently issued an Order giving the Defendants fifteen days to present evidence of their attorneys' fees and giving Henry ten days to traverse the Defendants' evidence of fees [doc. 75]. Both parties filed their briefs [docs. 76, 77]; however, the Court could not make an award based on the evidence presented. The Court issued

another Order, explaining it can award only the attorney's fees associated with preparing the motion to strike [doc. 79]. The Court's Order afforded the Defendants fifteen days to present supplemental evidence of their attorneys' fees and allowed Henry ten days to contradict the Defendants' evidence. In response, both parties filed supplemental memoranda [docs. 82, 85, 91].

## ANALYSIS

The Defendants argue that they are entitled to recover attorney's fees for work performed on the entire lawsuit, rather than only on work associated with the special motion to strike. Alternatively, the Defendants submit an affidavit and detailed time records showing that defense counsel spent a combined 168.45 hours on matters associated with the motion to strike.[1] The Defendants also request reimbursement for office costs and expenses. Henry argues that the majority of work performed by defense counsel related to matters other than the preparation and prosecution of the motion to strike.

Louisiana Code of Civil Procedure Article 971 allows a defendant in a defamation suit to file a motion to strike, and the plaintiff bringing the claim must then show a probability of success on the merits before proceeding. Article 971(B) provides that "a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs."

Under Article 971(B), a prevailing party may only recover attorney's fees associated with the motion to strike, and not fees associated with defending the entire lawsuit. *Delta Chem. Corp. v. Lynch*, et al, 2007-0431 (La. App. 4 Cir. 2/27/08); 979 So.2d 579, 588. In *Delta Chemical*, the Louisiana Fourth Circuit reversed and remanded an award of attorney's fees because the award

---

[1] Defense counsel billed 87 hours at a rate of $225/hr, and defense counsel's associate billed 81.45 hours at a rate of $150/hr. Def.'s Ex. A.

2

provided attorney's fees for all aspects of the case. *Id.* Moreover, the court ruled that it had discretion in determining the reasonableness of the Article 971(B) attorney's fees. *Id.*

The Defendants have submitted detailed bills which reflect the time spent on preparation of the motion to strike. After this Court's denial of the Defendants' motion to strike, the Defendants then filed a motion for reconsideration, a reply to Henry's reponse to the motion for reconsideration, and an appeal to the Fifth Circuit Court of Appeals. The Court finds it reasonable to award attorney's fees for the work performed on all of these matters, as it was associated with the Defendants' original motion to strike. This Court finds that defense counsel performed 87 hours of work at $225/hour and defense counsel's associate performed 81.25 hours of work at $150/hour. Accordingly,

IT IS ORDERED that the Defendants are awarded $31,762.50 in attorneys' fees for defense counsel's work associated with the motion to strike.

IT IS FURTHER ORDERED that the Defendants are awarded $4,525.35 for reasonable costs and expenses related.

Lake Charles, Louisiana, this 12 day of Nov, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3